UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

SONYA BARNES,

    Plaintiff,

v.                                                                  LOWER CASE NO.: 2020-CA-012015-O

WAL-MART STORES EAST, LP,
and BOGEY SAY,

    Defendants.
_____/

**DEFENDANTS, WAL-MART STORES EAST, LP AND BOGEY SAY'S NOTICE OF REMOVAL WITH INCORPORATED MEMORANDUM OF LAW**

    Defendants, WAL-MART STORES EAST, LP ("WAL-MART") and BOGEY SAY ("SAY") (hereinafter collectively, "Defendants"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c) of the Federal Rules of Civil Procedure, hereby give notice of the removal of this case from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida to the United States District Court for the Middle District of Florida, Orlando Division, with full reservation of rights, exceptions and defenses. As grounds for this Notice of Removal, Defendants state the following:

**I.      BACKGROUND**

    1.    This removal is based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1) and 1441 with an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

    2.    On or about December 4, 2020, Plaintiff commenced a civil action against WAL-MART and its store manager, SAY, in the Ninth Judicial Circuit, in and for Orange County,

Florida, styled *Sonya Barnes v. Wal-Mart Stores East, LP, and Bogey Say,* bearing Case No. 2020-CA-012015-O.  [A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A"].

3. Plaintiff's Complaint was served on WAL-MART's registered agent on December 9, 2020.  SAY was served with Plaintiff's Complaint on December 10, 2020.  [A true and correct copy of the Notice of Service of Process and Summons is attached hereto as composite Exhibit "B"]

4. Plaintiff's Complaint asserts separate counts of negligence against WAL-MART (Count I) and SAY as the store manager (Count II).  [*See* Ex. A, ¶¶ 10-22].  Specifically, Plaintiff alleges that, on April 1, 2020, Plaintiff "slipped and fell on a spilled liquid substance that existed on the store floor" at Wal-Mart Store No. 1220, located at 2500 South Kirkman Road, Orlando, Florida.  [*See* Ex. A, ¶¶ 15 and 21].  Plaintiff alleges that she sustained serious, continuing and permanent injuries as result of the accident.  [*See* Ex. A, ¶¶ 15 and 22].

5. Plaintiff alleges that WAL-MART and SAY breached their various duties owed to her including the duty to maintain the premises in a reasonably safe manner and warn her of an alleged dangerous condition that existed on the premises.  [*See* Ex. A, ¶¶ 11(a)-(m), 19(a)-(g)].

6. Plaintiff's Complaint fails to allege any facts showing that SAY was actively negligent by participating in a tort that caused the alleged accident.  Further, the Complaint fails to allege that SAY caused the alleged accident.  Plaintiff also fails to allege that SAY was on duty or physically present at the subject Wal-Mart store at the time of Plaintiff's accident.  Rather, Plaintiff's Complaint is replete with broad-brush, generalized allegations of negligence against the SAY in her capacity as the "general manager."  [*See* Ex. A, ¶¶ 5-6, 17, 19(a)-(g)].

7. The allegations in Plaintiff's Complaint clearly show that no basis exists for including the store manager, SAY, in this action other than to defeat diversity jurisdiction and prevent removal of this matter.

8. According to Plaintiff's Complaint, the amount in controversy exceeds the $75,000 jurisdictional threshold of this Court. Plaintiff's Complaint specifically alleges that Plaintiff sustained serious and permanent injuries and damages from the subject accident that exceed the circuit court's jurisdictional minimum. [*See* Ex. A, ¶¶ 1, 15, 22].

9. Furthermore, on November 20, 2020, prior to commencement of this lawsuit, Plaintiff submitted a pre-suit demand letter ("Demand Letter"), which indicated that ***Plaintiff incurred a total of $140,090.70 in past medical expenses*** in connection with the subject accident. Based on Plaintiff's alleged injuries and medical bills incurred (as of the date of the Demand Letter), Plaintiff offered to settle her claim for $500,000.00. [A true and correct copy of Plaintiff's Demand Letter and attached Medical Records are attached hereto as Exhibit "C"].[1]

10. Additionally, Plaintiff asserts that she is a "resident and citizen" of Orange County, Florida, and she is a citizen of the State of Florida for purposes of diversity jurisdiction. [*See* Ex. A at ¶ 2; and Plaintiff's Customer Incident Report and Medical Records attached hereto as composite Exhibit "D"].

11. As demonstrated below, WAL-MART is a corporation organized and existing under the laws of Delaware, with its principal place of business in Arkansas.

12. WAL-MART submits that the citizenship of the store manager, SAY, should be disregarded when determining that complete diversity jurisdiction exists in this case, and that

---

[1] Wal-Mart has not filed the entire complement of medical records which Plaintiff submitted with his pre-suit demand letter in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Wal-Mart can provide same for an *in camera* inspection.

SAY should be dismissed from this case entirely because she was not actively negligent, and therefore is not a proper party to this litigation.

13. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days after receipt by WAL-MART and SAY of Plaintiff's Complaint.  [*See* Ex. B]. Therefore, the Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

14. A true and correct copy of all process, pleadings, and other papers and/or exhibits of every kind filed with the state court in this action, along with a docket sheet from the Clerk of Court, are attached hereto as composite Exhibit "E" as required by 28 U.S.C. § 1446(a).

15. Following the filing of this Notice of Removal with this Court, WAL-MART will file a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d) with the state court where this action is pending and will give written notice thereof to all parties.

16. WAL-MART reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.     REMOVAL IS TIMELY

17. In accordance with 28 U.S.C. § 1446(b)(1), WAL-MART files this Notice of Removal within thirty (30) days of its receipt of Plaintiff's Complaint.  Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based.  The thirty (30) day time period commenced on December 9, 2020, when Plaintiff effected service of her initial Complaint on WAL-MART[2].  [*See* Ex. B].

18. Further, prior to the service of Plaintiff's Complaint, Plaintiff submitted a Demand Letter outlining Plaintiff's claimed injuries and damages, including Plaintiff's incurred medical expenses arising from April 1, 2020 accident.  [*See* Ex. C].

---

[2] Plaintiff did not effectuate service on the store manager, Say, until the following day, December 10, 2020. [*See* Ex. B].

19. Venue is proper in this Court because the Ninth Judicial Circuit where Plaintiff filed her state court Complaint is located in Orange County, Florida, which is located within the United States District Court for the Middle District of Florida, Orlando Division.

### III. THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

20. The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by WAL-MART, pursuant to 28 U.S.C. §§ 1441 and 1446, in that:

    A. This is an action between citizens of different states; and

    B. This is a civil action in which the amount of the controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

*See* 28 U.S.C. § 1332(a).

#### A. Citizenship of Plaintiff, Sonya Barnes

21. Plaintiff's Complaint alleges that she is a "resident and citizen" of Orange County, Florida. [*See* Ex. A, ¶ 2].

22. Furthermore, "[i]t is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (June 1, 2009 S.D. Fla.) (Cohn, J) (internal citations omitted).

23. Here, Plaintiff's Complaint, medical records, and Customer Incident Report indicate that she is a resident of Orlando, Orange County, Florida. [*See* Ex. A, ¶ 2; and Ex. D]. Plaintiff's Orange County residence is *prima facie* evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

### B. Citizenship of WAL-MART

24. WALMART is not a citizen of the State of Florida for diversity purposes in that it is not incorporated under the laws of the State of Florida and because it does not have a principal place of business in Florida.

25. Wal-Mart Stores East, L.P., is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. These are the only partners of Wal-Mart Stores East, L.P. WSE Management, LLC and WSE Investment, LLC were at the time of the filing of the Complaint, and still are, Delaware Limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. Wal-Mart Stores, Inc., is and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. The principal place of business for all entities mentioned is Bentonville, Arkansas. At no time material has Wal-Mart Stores East, L.P., or its general or limited partners, been a citizen of Florida. [*See* Florida Department of State, Division of Corporations, Detail by Entity Name, attached hereto as Exhibit "F"].

26. A corporation is deemed a citizen of the state in which it is incorporated and in which its principal place of business is located. 28 U.S.C. § 1332(c). *See Advanced Construction and Renovation, Inc. v. Mt. Hawley Ins. Co.,* 2018 WL 797073 at *2 (S.D. Fla. Feb. 9, 2018) ("For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business."). Accordingly, in the present action, complete diversity exists between the parties pursuant to 28 U.S.C. § 1332.

    **C.**    <u>**Citizenship of SAY**</u>

27. Defendants do not dispute that WAL-MART's store manager, SAY, is a citizen of the State of Florida. However, Defendants submit that the Court should disregard the citizenship of SAY when determining that complete diversity exists among the parties in this case, and dismiss SAY from this case entirely as "it is well established under Florida law that [a store manager] does not incur personal liability for the corporation's tort merely by reason of the officer's official character." *See De Varona v. Discount Auto Parts, LLC.*, 860 F. Supp. 2d 1344, 1347 (S.D. Fla. 2012) *quoting Orlovsky v. Solid Surf*, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

28. Accordingly, in the instant matter, Plaintiff's allegations regarding the store manager, SAY, should be disregarded from the Court's determination of the diversity of citizenship of the parties.

**IV.**    <u>**THERE EXISTS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES BECAUSE THE JOINDER OF SAY AS A DEFENDANT IS A FRAUDULENT ATTEMPT TO DEFEAT VALID DIVERSITY JURISDICTION**</u>

29. Although Plaintiff and SAY are citizens of the State of Florida, complete diversity jurisdiction exists in this case under 28 U.S.C. § 1332(a)(1) because Plaintiff seeks to add the store manager, SAY, as a Defendant solely to defeat otherwise valid jurisdiction; therefore, the citizenship of WAL-MART'S manager should be disregarded. *See Stillwell v. Allstate Ins. Co.*, 663 F. 3d 1329, 1332 (11th Cir. 2011); *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1360 (11th Cir. 1996).

30. In determining whether diversity jurisdiction exists, courts must disregard the citizenship of fraudulently joined parties. *See Tapscott*, 77 F. 3d at 1360. A defendant seeking to prove that a co-defendant was fraudulently joined must demonstrate by clear and convincing

evidence either that: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into the state court. *See Stillwell*, 663 F. 3d at 1332; *Henderson*, 454 F. 3d at 1281.

31. The determination of whether the resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of the removal, supplemented by affidavits submitted by the parties. *See Pacheco de Perez v. AT & T Co.*, 139 F. 3d 1368, 1380 (11th Cir. 1998); *Legg v. Wyeth*, 428 F. 3d 1317, 1322 (11th Cir. 2005) (finding error where the district court relied solely on allegation in plaintiff's complaint and refused to consider the defendants' affidavits in determining whether joinder of the resident defendant was fraudulent).

32. The issue of whether there is no possibility the plaintiff can establish a cause of action against the resident defendant turns on whether liability can be imposed on the resident defendant. *Hunt v. Target Corp.*, Case No. 14-80266-CIV, 2014 U.S. Dist. LEXIS 54179, at *3-5 (S.D. Fla. Apr. 18, 2014); *Tynes v. Target Corp.*, Case No. 12-24302-CIV, 2013 U.S. Dist. LEXIS 40355, at *4-5 (S.D. Fla. Mar. 22, 2013). If a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant . . . the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007).

33. In *Tynes*, the plaintiff, a Florida citizen, filed a complaint in state court alleging negligence against Target Corporation, a Minnesota citizen, and an unnamed employee, John Doe, arising from a slip and fall incident inside a Miami Target store. *Tynes*, 2013 U.S. Dist. LEXIS 40355, at *1. The case was removed by the defendant based on diversity of citizenship

and amount in controversy, which the plaintiff admitted was over $75,000.00. Id. at *1. The plaintiff argued removal was improper as the plaintiff identified through discovery the identity of John Doe – Target employee Wilbert A. Hernandez – claimed that he was a resident of Miami-Dade County. *Id.* In denying the plaintiff's motion to remand, the court found there was little possibility that the plaintiff could prove a cause of action in negligence against the Target employee because the plaintiff failed to allege any individual duty was owed or that the subject tort was committed in the store manager's individual capacity. *Id.* at *2.

34. In *Tynes*, the Court reaffirmed the well-established Florida law that "a corporate agent or employee may not be held personally liable simply because of this general administrative responsibility or performance of some function of this employment-he or she must be actively negligent." (*quoting McElveen v. Peeler*, 554 So. 2d 270, 272 (Fla. 1st DCA 1989)); *see also, De Varona v. Discount Auto Parts, LLC*, 860 F. Supp. 2d at 1348 (S.D. Fla. 2012).

35. In *Niurka De Varona*, the plaintiff, a Florida citizen, filed a negligence claim against Advance Auto Parts, a Virginia Corporation. *Niurka De Varona*, 860 F. Supp. 2d 1344 (S.D. Fla. 2012). Plaintiff amended her complaint and named the store manager, a Florida resident, as a joint defendant asserting a separate count of negligence against the store manager. *Id.* Specifically, the plaintiff alleged the store manager had a duty to use ordinary care to maintain the store premises in a reasonable safe condition and was negligent by failing to remove the dangerous condition or warn the plaintiff of it. *Id*. Thereafter, the defendant removed the case arguing the citizenship of the store manager should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. *Id.* at 1346. In support of its notice of removal, Advance Auto Parts presented an affidavit from the store manager denying any personal responsibility for the plaintiff's incident, attesting that he was not in the parking lot

9

when the alleged accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. *Id*. The court denied the plaintiff's motion to remand the stating "plaintiff has provided no facts showing that [the store manager] played any role in her injuries" and that a store manager does not incur personal liability for a corporation's torts merely by reason of the store manager's official title. *See Id*. (*citing Orlovsky*, 405 So. 2d at 1364).

36. Similarly, in *Pritchard,* the court also denied plaintiffs' motion to remand because the plaintiffs failed to point to any evidence in support of their claim that the store manager was actively negligent. *Pritchard v. Wal-Mart Stores, Inc.*, Case No. 8:09-cv-46, 2009 U.S. Dist. LEXIS 18593, at *7. In *Pritchard*, the plaintiffs filed suit against defendants Wal-Mart and one of its store managers in state court alleging claims of negligence and loss of consortium. *Id*. at *1. The plaintiffs alleged the store manager owed a duty to plaintiffs to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises,[3] and the store manager breached those duties by acting negligently in failing to exercise reasonable care in the maintenance, inspection, repair, warning, and mode of operation of the premises. *Id*. Wal-Mart removed the case based upon diversity jurisdiction despite the Florida citizenship of the store manager pursuant to the fraudulent joinder doctrine. *Id*. Thereafter, the store manager filed a motion to dismiss based on fraudulent joinder. *Id*. The defendants submitted a declaration from the store manager, in which she stated she had no prior knowledge of the dangerous condition, and no one, including customers from her store, notified her of the dangerous condition prior to the plaintiff's incident. *Id*. at *2. Wal-Mart submitted evidence that the store

---

[3] Under Florida law, negligent mode of operation claims based upon transitory foreign substances are no longer a viable cause of action since the enactment of Florida Statute section 768.0755. *See Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). To be clear, *Pritchard* did not involve a transitory foreign substance.

10

manager was not personally involved in the incident at issue, and as such, the store manager could not be found to be actively negligent. *Id.* at *3. The court agreed with Wal-Mart that the store manager was fraudulently joined as a defendant because the plaintiffs could not establish that the store manager was personally at fault for the plaintiffs' injuries as there was no evidence to support that the store manager was actively negligent. *Id*. The court denied the plaintiffs' motion to remand and granted the store manager's motion to dismiss. *Id.*

37. Further, in *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* and *Franco v. Wal-Mart Stores East, L.P.,* the court dismissed the store employees who had been sued in their capacity as Wal-Mart managers on the basis that Plaintiff failed to allege any facts that the store managers were actively negligent (i.e. actively participated in braining about the plaintiff's incident. *See Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016).

38. Similarly, in *Roman v. Wal-Mart Stores East, L.P.,* Case No. 9:20-cv-80869-SMITH, at D.E. 10 (M.D. Fla. September 1, 2020), the court denied plaintiff's motion to remand and dismissed the store manager, Charles Coleman, from the lawsuit finding that he was fraudulently joined to defeat diversity jurisdiction as the complaint failed to allege any facts that Charles Coleman actively participated in bringing about plaintiff's incident.

39. In the instant case, as in the case law cited above, there is no possibility that that Plaintiff can prove a cause of action for negligence against SAY because there are no allegations contained in the Complaint that indicate SAY was actively negligent and/or actively and personally involved in bringing about Plaintiff's incident. *See Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 U.S. Dist. LEXIS 18359, at *7; *Evelyne Petigny v. Wal-Mart Stores*

11

*East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Roman v. Wal-Mart Stores East, L.P.,* Case No. 9:20-cv-80869-SMITH, at D.E. 10 (M.D. Fla. September 1, 2020).

40.     For instance, Plaintiff's Complaint fails to allege any facts that SAY personally committed an act or omission of negligence and/or participated in the alleged tort. Additionally, SAY is not alleged to have:

  a. personally participated in the events leading up to Plaintiff's alleged accident and/or individually engaged in tortious conduct;

  b. witnessed the alleged accident;

  c. had knowledge of the alleged substance on the floor;

  d. observed the alleged substance on the floor;

  e. caused the alleged substance to be on the floor; and/or

  f. any knowledge pertaining to the identity of the individual who allegedly caused the alleged substance to be on the floor.

41.     Furthermore, Defendants submit for the Court's consideration the Affidavit of Bolortsetseg Say, which further establishes that there is no possibility that Plaintiff can establish a cause of action against the store manager, SAY. *See Stillwell*, 663 F. 3d at 1332; *Henderson*, 454 F. 3d at 1281. [A true and correct copy of the Affidavit of Bolortsetseg Say is attached to and incorporated herein as Exhibit "G."].[4]

42.     Specifically, as established in the Affidavit, SAY was not present at the subject Wal-Mart Store on the date of the alleged accident, and thus had no involvement in the events leading up to Plaintiff's alleged accident. [*See* Ex. G]. Therefore, Plaintiff cannot establish any

---

[4] Bolortsetseg Say is the legal name of "Bogey Say" named as a Defendant in this action. [Ex. G, ¶ 2].

facts showing that SAY was actively negligent by participating in a tort that caused the alleged accident. [*Id*.].

43. Therefore, SAY is not alleged to have any knowledge of the purported dangerous condition prior to Plaintiff's accident had no involvement therewith. *See Niurka De Varona*, 860 F. Supp. 2d at 1347; *Pritchard*, 2009 2009 U.S. Dist. LEXIS at *7; *Evelyne Petigny v. Wal-Mart Stores East, L.P.,* Case No. 18-23762-CIV-MORENO, ECF. No. 19, (S.D. Fla. November 14, 2018); *Franco v. Wal-Mart Stores East, L.P.,* Case No. 16-20706-CIV-MORENO, ECF No. 17 (S.D. Fl. March 10, 2016); *Roman v. Wal-Mart Stores East, L.P.,* Case No. 9:20-cv-80869-SMITH, at D.E. 10 (M.D. Fla. September 1, 2020).

44. Accordingly, there exists complete diversity jurisdiction because SAY was fraudulently joined in this case in a clear attempt to destroy otherwise valid jurisdiction. Therefore, SAY's citizenship should be disregarded and this Court should dismiss SAY from the lawsuit entirely.

## V.    AMOUNT IN CONTROVERSY

45. Furthermore, the statutory requirement that the amount in controversy exceeds $75,000, exclusive of interest and costs, has been satisfied because Plaintiff seeks damages that exceed the minimum jurisdictional threshold.

46. Here, Plaintiff's Complaint alleges that she sustained serious and permanent injuries and damages from the subject accident that exceed the Circuit Court's $30,000 jurisdictional minimum. [*See* Ex. A, ¶¶ 1, 15, 22]. While the Complaint does not specify an amount in controversy, it is clear from Plaintiff's Demand Letter that her claimed damages exceed this Court's jurisdictional minimum of $75,000.00. *See Mick v. De Vilbiss Air Power Co.,* 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (finding that pre-suit settlement demand

letters are competent evidence of the amount in controversy); *Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (holding that the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package).

47. Where, as here, the Plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a ***preponderance of the evidence*** that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (emphasis added); *see also, Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001).

48. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id.* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

49. Plaintiff's itemized and specifically detailed Demand Letter establishes that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, Plaintiff's Demand Letter, including the medical records provided with the demand, show that Plaintiff's ***past medical bills alone total $140,090.70***, and were itemized as follows:

### UPDATED MEDICAL SPECIALS

| | |
|---|---|
| World Health Wellness | $5,315.00 |
| SimonMed Imaging | $1,820.00 |
| Encompass Integrative | $850.00 |
| Florida Orthocare | $132,105.70 |
| **TOTAL** | **$140,090.70** |

[*See* Ex. C, at p. 4].

50. Further, based on Plaintiff's alleged injuries and medical bills, Plaintiff estimated her damages in the present matter to be **at least Five Hundred Thousand Dollars ($500,000.00)**. [Ex. C, at p. 5].

51. Following her Demand Letter, Plaintiff provided medical records indicating she underwent various surgical procedures on November 11, 2020, including multi-level discectomy (L4-5 and L5-S1), bilateral facet radiofrequency ablation, and SI joint arthrodesis. Pursuant to an account statement provided by Advance Ambulatory Surgery Center, Plaintiff incurred an additional $171,700.00 in medical expenses (not previously referenced in her Demand Letter). Therefore, based on the foregoing, Plaintiff's total past medical expenses are ***in excess of $300,000.00***,[5] and clearly establish by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional minimum. [*See* Ex.'s C and D].

52. Additionally, Plaintiff's Complaint alleges damages for pain and suffering, loss of an ability to lead and enjoy a normal life, loss of wages and a loss of wage earning capacity, and the alleged need for future medical care. [*See* Ex. A, ¶¶ 15 and 22].

53. Plaintiff's representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00

---

[5] Based on Plaintiff's past medical expenses of $140,090.70 included in the Demand Letter, and the additional $171,700.00 in medical expenses from Advance Ambulatory Surgery Center, Plaintiff's total past medical expenses exceed $300,000.00. [*See* Ex.'s C and D].

jurisdictional minimum for this Court to retain jurisdiction.

54. District courts have consistently held that the amount in controversy is satisfied by a showing that a plaintiff's pre-suit demand letter demonstrates the plaintiff's past medical bills exceed $75,000.00. For instance, in *Stramiello v. Petsmart, Inc.*, 2010 WL 2136550, at *3 (M.D. Fla. 2010), the Middle District determined that the defendant established the amount in controversy exceeded the $75,000 jurisdictional minimum because the plaintiff's medical bills exceeded $108,000.00 and plaintiff alleged that her injuries were permanent and she would seek recovery of future medical expenses and pain and suffering. *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the jurisdictional threshold; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

55. Similarly, in *Katz v. J.C. Penney Corp.*, the district court concluded that the removing defendant properly established the amount in controversy by addressing information received from plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an "honest assessment" of damages by plaintiff because, like Plaintiff's Demand Letter in this case, it was based on medical records provided by the plaintiff. *Id.*

56. Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur an additional $1,000,000.00 in future medical expenses as a result of her accident. *Wilson v. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount in controversy, but only plead that her damages were in excess of $15,000, the court denied plaintiff's motion to remand finding that plaintiff's pre-suit demand letter and unspecified damages in her complaint were sufficient to demonstrate by a

preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

57.  In the instant matter, Plaintiff's Demand Letter, and subsequent surgical records, specify that her damages exceed $300,000, which is an honest assessment of her claimed damages in the present matter that is based on the following: (1) Plaintiff's medical records provided with the Demand Letter; (2) Plaintiff's alleged injuries, which include herniated lumbar discs, facetogenitc pain, and sacroiliitis, which resulted in surgery (including multi-level discectomy); and (3) Plaintiff's alleged need for future medical care, all of which exceed this Court's $75,000 jurisdictional threshold.  [*See* Ex. C & Ex. D].

58.  Therefore, the evidence demonstrates that Plaintiff's claimed damages in the present case far exceed $75,000.00.  Accordingly, WAL-MART has shown by a preponderance of the evidence that the amount in controversy exceeds the Court's jurisdictional minimum, thus rendering removal proper.

## VI.   CONCLUSION

This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because the citizenship of SAY must be disregarded and there exists complete diversity in this matter as the Plaintiff and WAL-MART are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Accordingly, original jurisdiction of this matter is vested in this Court and WAL-MART and SAY respectfully request that this action proceed in this Court as a matter properly removed.

**WHEREFORE**, Defendants, WAL-MART STORES EAST, LP and BOGEY SAY, respectfully request that this action currently pending in the Circuit Court for Pasco County, Florida be removed to the United States District Court for the Middle District of Florida, Tampa Division, that SAY be dismissed from this action entirely, and that this Court assume full

jurisdiction over the cause herein as provided by law.

Respectfully submitted on this 8th day of January, 2021.

/s/ George H. Featherstone
**JERRY D. HAMILTON**
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
**GEORGE H. FEATHERSTONE**
Florida Bar No.: 0624306
gfeatherstone@hamiltonmillerlaw.com
**MICHAEL T. RELIHAN**
Florida Bar No.: 116053
mrelihan@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
100 South Ashley Drive, Suite 1210
Tampa, Florida 33602
Telephone: (813) 223-1900
Facsimile: (813) 223-1933
E-Service: ghf-serve@hamiltonmillerlaw.com
*Counsel for Defendants, Wal-Mart Stores East, LP and Bogey Say*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 8, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List.

                                              */s/ George H. Featherstone*
                                              **GEORGE H. FEATHERSTONE**
                                              Florida Bar No. 0624306
                                              gfeatherstone@hamiltonmillerlaw.com

## SERVICE LIST

Gregorio A. Francis, Esq.
FBN: 0008478
Osborne & Francis, PLLC
805 S. Kirkman Road, Suite 205
Orlando, FL 32811
T: 407-655-3333
F: 407-955-4865
gfrancis@realtoughlawyers.com
rfletcher@realtoughlawyers.com
gowens@realtoughlawyers.com
*Counsel for Plaintiff*